# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| MARQUETH WILSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:13-cv-3600-O (BF) |
| | § | |
| AMERICAN HOME ASSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Defendant American Home Assurance Company has filed a Rule 12(b)(6) Motion to Dismiss this *pro se* civil action arising out of the denial of workers' compensation benefits.  In his live pleading,[1] Plaintiff Marqueth Wilson alleges that he suffered injuries to his neck, back, hip, and right arm in April 2009 when he fell from a ladder while working as a commercial painter.  *See* Pl. 2d Am. Orig. Pet. (Doc. 13) at 2-3.  Plaintiff underwent back surgery in September 2009, and, in December, Dr. Edwin Smith certified him as having reached maximum medical improvement.  *Id.* at 3, 6. Plaintiff received an impairment rating ("IR") of 10%, with 5% of the impairment attributable to his neck and 5% to his back.  *Id.*  Plaintiff objected to the IR and filed a dispute with the Texas Workers' Compensation Commission.  *Id.*  Thereafter, Plaintiff and Defendant executed an agreement settling

---

[1]  Plaintiff's live pleading is his "Second Amended Original Petition." (Doc. 13).  Although this amended complaint supersedes the prior complaint to which Defendant's Rule 12(b)(6) motion to dismiss is directed, the motion is not moot.  The Court may treat Defendant's motion as directed to the live pleading because the defects identified in the prior complaint also appear in the amended complaint. *Davis v. Dallas Cnty.*, 541 F. Supp. 2d 844, 848-49 (N.D. Tex. 2008) (treating motion to dismiss as directed to subsequent complaint because defects remained); *see also People's Choice Home Loan, Inc. v. Mora*, No. 3:06-CV-1709-G, 2007 WL 120006, at *2 (N.D. Tex. Jan. 18, 2007) ("[A] motion to dismiss, which attacks the original complaint for deficiencies that persist in the amended complaint, should not be denied as moot.  Rather, the court should apply the motion to dismiss to the amended complaint.") .

his claim to workers' compensation benefits.  On or about May 3, 2013, Plaintiff filed the instant lawsuit in Texas state court challenging the settlement agreement and asserting claims against Defendant for negligence and violations of the Texas Deceptive Trade Practices Act ("DTPA") and Chapter 541 of the Texas Insurance Code.  *See* Pl. 2d Am. Orig. Pet. 4-17.  Succinctly stated, Plaintiff alleges that Defendant misrepresented the applicability of certain provisions of the Texas Workers' Compensation Act to his injuries in order to induce him to execute the settlement agreement.  *See id.* at 6-7, 11-12. Defendant removed the case to federal court on the basis of diversity of citizenship.[2]  *See* Def. Rem. Not. At 1-2, ¶¶ 2-3, 9.  Defendant now moves for dismissal on grounds that all of Plaintiff's claims and causes of action are barred by limitations or foreclosed by the Texas Supreme Court's decision in *Texas Mutual Insurance Co. v. Ruttiger*, 381 S.W.3d 430 (Tex. 2012).  The issues have been briefed by the parties, and the motion is ripe for determination.

A district court may dismiss a complaint for failure to state a claim "only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." *Jackson v. City of Beaumont Police Dep't*, 958 F.2d 616, 618 (5th Cir. 1992) (quoting *Barrientos v. Reliance Standard Life Ins. Co.*, 911 F.2d 1115, 1116 (5th Cir. 1990).  To survive dismissal, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]"  *Id.*, 550 U.S. at 550.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556

---

[2] Federal diversity jurisdiction is proper because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a)(1).

2

U.S. 662, 678 (2009).   Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*, 556 U.S. at 679.   "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'--'that the pleader is entitled to relief.'" *Id.* (quoting FED. R. CIV. P. 8(a)(2)).   Dismissal under Rule 12(b)(6) also may be appropriate "when a successful affirmative defense appears on the face of the pleadings." *Kansa Reinsurance Co. v. Congressional Mortg. Corp. of Texas*, 20 F.3d 1362, 1366 (5th Cir. 1994).

Judged against these standards, the Court determines that Defendant is entitled to dismissal of all of Plaintiff's claims on grounds that they are barred by limitations.   Under Texas law, the statute of limitations for Plaintiff's negligence, DTPA, and Insurance Code claims is two years.[3] TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West 2002) (negligence claims are subject to a two-year statute of limitations); TEX. BUS. & COMM. CODE § 17.565 (West 2011) (two-year statute of limitations applies to claims filed under the DTPA); TEX. INS. CODE § 541.162(a) (West 2009) (same as to claims for unfair settlement practices in violation of the Texas Insurance Code).   The applicable statutes of limitations generally begin to run when the facts that authorize a plaintiff to seek judicial relief come into existence.   *Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 348 S.W.3d 194, 202 (Tex. 2011); *Provident Life and Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003) ("In most cases, a cause of action accrues when a wrongful act causes a legal injury, regardless of when the plaintiff learns of that injury or if all resulting damages have yet to occur.").   Under limited

---

[3] Because this is a diversity case, the Court applies state statutes of limitations and related state law governing the tolling of the limitations period. *Hensgens v. Deere & Co.*, 869 F.2d 879, 880 (5th Cir. 1989).

circumstances, the "discovery rule" may toll the limitations period until the plaintiff discovers, or through the exercise of reasonable diligence should have discovered, the facts giving rise to the claim. *Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 734 (Tex. 2001). However, the discovery rule applies only "when the nature of the plaintiff's injury is both inherently undiscoverable and objectively verifiable." *Id.* The "inherently undiscoverable" standard is satisfied only where it is nearly impossible for the plaintiff to be aware of his injury at the time he is injured. *See S.V. v. R.V.*, 933 S.W.2d 1, 6-7 (Tex. 1996).

Here, Plaintiff contends that Defendant's agent made several false representations to induce him to settle his claim for benefits arising out of his 2009 injury and attendant IR determination. *See* Pl. 2d Am. Compl. at 6-7, 11. Plaintiff alleges that Defendant told him that (1) Dr. Smith's 2009 medical findings were final and he was not entitled to be reexamined by another doctor; (2) he could be separately evaluated for the injuries to his hip and forearm; (3) he was not entitled to benefits for subsequent injuries suffered during physical therapy; and (4) the settlement agreement was "in his best interests." *Id.* at 6-7, 11-12. Plaintiff contends that Defendant's first three representations are contrary to various provisions of the Texas Workers' Compensation Act and that the final representation is contrary to the facts. Plaintiff further contends that Defendant made these false representations at a time when he was particularly vulnerable because he was still under the influence of narcotic pain medication. *Id.* at 7. Plaintiff tacitly concedes that his claims accrued in 2009, or at the latest in 2010, when the alleged misrepresentations were made. *See id.* at 4. He argues, however, that the two-year limitations period that would effectively bar all of his claims should be tolled because he did not discover that Defendant's representations were false until late 2012 and early 2013 when he "conducted an independent investigation into matters covered by the

representations made to him which were sufficient to inform him of the truth." *Id.* at 4, 13, 18; Pl. Resp. Br. (Doc. 11) at 7.

Plaintiff's allegations are insufficient to raise a basis for tolling the statute of limitations. Plaintiff fails to allege any facts that would demonstrate his alleged injuries were inherently undiscoverable at the time the misrepresentations were made and his claim accrued. An injury is not "inherently undiscoverable" simply because a plaintiff failed to discover it within the applicable limitations period. *Wagner*, 58 S.W.3d at 735. Rather, the focus is on the nature of the injury itself and whether the injury is of the type that generally is discoverable by the exercise of reasonable diligence. *Id.* at 734-35. Here, Plaintiff easily discovered his alleged injuries after he conducted "an independent investigation." His lack of understanding of the law or misunderstanding as to the availability of a legal cause of action does not support the application of the discovery rule. *Hannaway v. Deutsche Bank Nat'l Trust Co.*, No. A-10-CV-714-LY, 2011 WL 891669, at *4 (W.D. Tex. Mar. 11, 2011) (explaining that a plaintiff's "ignorance of the law ... is not a valid reason to apply the discovery rule; rather 'the discovery rule applies to the knowledge of facts on the part of the [plaintiff] as opposed to [his] *knowledge of the law*.'") (citation omitted) (emphasis in original). Plaintiff's claims are thus barred by limitations, and the District Court should grant Defendant's motion to dismiss.[4] *Frame v. City of Arlington*, 657 F.3d 215, 239 (5th Cir. 2011) ("[A] complaint may be subject to dismissal if its allegations affirmatively demonstrate that the plaintiff's claims are barred by the statute of limitations and fail to raise some basis for tolling.").

---

[4] Because Plaintiff's claims are barred by limitations, the Court pretermits consideration of Defendant's alternate argument that Plaintiff's claims are barred by the Texas Supreme Court's recent landmark decision in *Texas Mutual Insurance Co. v. Ruttiger*, 381 S.W.3d 430 (Tex. 2012). The precise contours of the scope of the *Ruttiger* decision are still developing. *Cf. Doyle v. Church Mut. Ins. Co.*, No. Civ. A. G-12-049, 2013 WL 5352701, at *3 (S.D. Tex. Sep. 23, 2013) (making *Erie* guess as to whether rationale articulated in *Ruttiger* would preclude plaintiff from bringing various common law claims against insurance carrier).

## RECOMMENDATION

For the foregoing reasons, the Court recommends that the District Court GRANT Defendant's Motion to Dismiss (Doc. 6) and DISMISS with prejudice all of Plaintiff's claims and causes of action.[5]

SO RECOMMENDED, February 20, 2014.



PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

---

[5] Dismissal with prejudice is appropriate because the Court already allowed Plaintiff to amend his complaint after Defendant filed its Rule 12(b)(6) motion pointing out the deficiencies in his pleading. Plaintiff has had the opportunity to plead his best case, and it is apparent that he is unable to amend his complaint in a manner that will avoid dismissal. *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986) ("At some point a court must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit.").

6